IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MERCEDES LEWIS,<br>　　　Plaintiff, | § § § § | |
| v. | § § | No. 3:23-CV-410-E-BW |
| EQUIFAX,<br>　　　Defendant. | § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Mercedes Lewis's second Amended Complaint for Violation of Civil Rights (Non-Prisoner), received on March 17, 2023. (Dkt. No. 8.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

On February 22, 2023, and February 24, 2023, respectively, Lewis filed a complaint and a first amended complaint against Defendant Equifax. (*See* Dkt. Nos. 3, 5.) By order dated March 1, 2023, the Court ordered Lewis to file another amended complaint because her February 24 amended complaint lacked sufficient factual content to show that any of the violations she alleged were plausible, as opposed to merely speculative or conceivable, such that service of the complaint on Equifax would be warranted. (*See* Dkt. No. 7.)

---

[1] By Special Order No. 3-251, this pro se case has been referred for full case management. By Special Order No. 3-354, this case was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 10.)

Lewis subsequently filed a second amended complaint, in which she identifies provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), as the statutory bases of her claims. (*See* Dkt. No. 8 at 3-4.) According to Lewis, "Equifax committed illegal acts against me and my Credit Report by illegally reporting incorrectly and fraudulently on my credit information incorrectly and maliciously. . . even after plaintiff gave a clear warning via Statute of Limitations Violations through Affidavit that the defendant was violatin[g] before initiating the lawsuit." (*Id.* at 4.) She also states, "And my certified mail proofs sent to defendant before filing this lawsuit and they purposely Reported this on my Credit anyways." (*Id.*)

Lewis attaches to her current complaint: (1) a printout of the installment accounts and revolving accounts on her September 6, 2022 Equifax credit report; (2) an undated and unsigned letter and affidavit purportedly sent to Equifax, among others, in which Lewis demands the permanent removal of multiple accounts from her credit report as illegally reported and fraudulent; and (3) a photo of a USPS certified mail envelope addressed to Equifax with a corresponding print-out of USPS tracking information. (*See id.* at 7-17.) On her Equifax credit report, there are handwritten circles around the date she printed the report and around four of her closed accounts. (*See id.* at 7-10.) Lewis seeks $75,000 in damages. (*See id.* at 5.)

## II. PRELIMINARY SCREENING

Because Lewis has been granted leave to proceed in forma pauperis, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Section

1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

The Court must always liberally construe pleadings filed by pro se litigants, such as Lewis. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Lewis's complaint fails to state a plausible claim to relief.

### III. ANALYSIS

Originally enacted as Title VI of the Consumer Credit Protection Act in 1970, Pub. L. 91-508, 84 Stat. 1114-1136, the FCRA exists "to ensure fair and accurate

3

credit reporting that protects consumers while meeting the needs of commerce." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing 15 U.S.C. § 1681(b)). It imposes obligations on consumer reporting agencies ("CRAs"), such as Equifax, "and authorizes consumers to bring a private cause of action in response to negligent or willful violations." *Id.* In this action, Lewis brings her FCRA claims under 15 U.S.C. § 1681i, § 1681s-2, and § 1681s-2(b); she also generally cites the FCRA and its civil liability provision. (*See* Dkt. No. 8 at 3-4.)

Section 1681i of the FCRA "provides procedures by which a Plaintiff can dispute the 'completeness or accuracy of any item of information contained in a consumer's file' and imposes affirmative obligations on [CRAs] that receive notice of disputed information." *Palomo v. Trans Union, LLC*, No. 4:21-CV-904-SDJ-KPJ, 2022 WL 17731824, at *3 (E.D. Tex. Sept. 7, 2022) (citations omitted). To state a claim under § 1681i, "the plaintiff must plead factual allegations showing that inaccurate information was included in the plaintiff's credit report." *Id.* "The plaintiff can plead inaccuracy by showing the reported credit information is either 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citation omitted)). Here, Lewis fails to allege any facts showing that the complained-of credit information is either patently incorrect or unlawfully misleading for purposes of the FCRA. Instead, her allegations and supporting attachments constitute no more than "legal conclusions[,] mere labels[,] threadbare recitals of the elements of a cause of action[,] conclusory

statements[,] and naked assertions devoid of further factual enhancement" in support of her purported entitlement to relief. *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citation omitted). None of these categories of statements is sufficient to state a plausible claim to relief on the face of Lewis's second amended complaint. *See Bell Atl. Corp.*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Lewis also relies on § 1681s-2 and § 1682s-2(b) of the FCRA as statutory bases for relief in this case. (*See* Dkt. No. 8 at 3-4.) These provisions "impose[] duties on furnishers of information," however, and Equifax is a CRA, not a furnisher of information for purposes of FCRA. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002). Accordingly, Lewis also fails to state a plausible claim against Equifax under these provisions.

Because Lewis has failed to plead sufficient facts to allege a plausible claim against Equifax under the FCRA, her complaint does not survive judicial screening. The Court therefore should dismiss this action under § 1915(e)(2)(B)(ii) for failure to state a claim.

### IV. LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend her complaint before dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff has already pled her best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

Here, Lewis has filed two amended complaints, the second of which she filed after the Court expressly notified her that her allegations were insufficient to state a claim. (*See* Dkt. Nos. 5, 7-8.) She therefore has had sufficient opportunity to plead her best case and further leave to amend is not warranted.

## V.  RECOMMENDATION

The Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO RECOMMENDED** on October 30, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).